IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRED H. KELLER, JR., JUAN ARMENTA, JUAN DOE, JUANA DOE and JUANA DOE #2, | ) ) ) ) | CASE NO. 8:10CV270 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| CITY OF FREMONT, | ) ) ) | |
| Defendant. | ) | |
| MARIO MARTINEZ, JR., PAOLA MERCADO, JANE DOE, MARIA ROE, STEVEN DAHL, AND ACLU NEBRASKA FOUNDATION, | ) ) ) ) ) | CASE NO. 4:10CV3140 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITY OF FREMONT; DEAN F. SKOKAN, JR., IN HIS OFFICIAL CAPACITY AS FREMONT CITY ATTORNEY; AND TIMOTHY MULLEN, IN HIS OFFICIAL CAPACITY AS FREMONT CHIEF OF POLICE, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

These matters are before the Court on certain jurisdictional questions that the Court asked the parties to brief. On July 28, 2010, counsel for the parties appeared before the Court to argue the Plaintiffs' respective motions for temporary restraining orders to block enforcement of Ordinance 5165 (the "Ordinance") adopted by voters of the City of Fremont, Nebraska, which was to become effective July 29, 2010.[1] The Court, however,

---

[1] At the hearing, the Court received into evidence a resolution of the Fremont City Council, dated July 27, 2010, in which the Council resolved not to enforce the Ordinance until 14 days after the issuance of final decisions in each of the above-captioned cases.

questioned whether its subject matter jurisdiction was impaired by virtue of a claim presented in each of the Complaints, challenging the validity of the Ordinance under the laws of the State of Nebraska. Specifically, the Court called the parties' attention to the case of *Reynolds v. City of Valley Park*, No. 4:06CV01487, 2006 WL 3331082 (E.D. Mo., Nov. 15, 2006), addressing a similar ordinance and noting: "As federal jurisdiction requires the presence of a necessary federal question, the presence of independent state law bases for invalidation prevent the federal questions from being necessary." *Id.* at *19 (citing *Franchise Tax Bd. Of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9 (1983)).

The Court has considered the parties' briefs (Filing Nos. 24, 28 and 29), and is satisfied that the Court has federal subject matter jurisdiction over the federal claims presented, and may exercise supplemental jurisdiction over the state law claims. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 817 n.15 (1986) (rejecting the contention that the ability to recover strictly on state law claims deprives federal courts of jurisdiction where state-law claims meet the other requirements of pendent jurisdiction); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65, 167-68 (1997) (stating that once original federal jurisdiction is established, the relevant inquiry as to the accompanying state claims is whether the claims fall within the district court's supplemental jurisdiction); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) (once the district court has original jurisdiction over at least one claim, the presence of other claims, over which the district court may lack original jurisdiction, does not defeat subject matter jurisdiction). The question then becomes whether, having such jurisdiction, the Court should exercise it or abstain under the principles articulated by the Supreme Court in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), because a state

court's construction of an unsettled question of state law would avoid the need for this Court to reach the federal questions. "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, [*Pullman*] abstention may be proper." *Beavers v. Arkansas State Bd. of Dental. Examiners*, 151 F.3d 838, 841 (1998).

This Court has an obligation to consider whether *Pullman* abstention is appropriate, weighing the factors that the Eighth Circuit Court of Appeals suggests:

> (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations.

*Beavers,* 151 F.3d at 841.

Weighing these factors, this Court is mindful that the parties have invested some time and expense in the pending litigation, and seek a timely resolution of the issues presented. The Court is also mindful of the fact that all parties appear to prefer that these matters be resolved in federal court, although state remedies are available. At this time, it is unclear to this Court whether the Supreme Court of the State of Nebraska would conclude that the Ordinance was adopted by the voters of the City of Fremont outside the power delegated to cities of the first class by the Nebraska Legislature, as alleged by the Plaintiffs. Accordingly, the challenged Ordinance may be susceptible to an interpretation that would avoid any federal constitutional question. Finally, abstention could avoid unnecessary federal interference in state operations.

Before deciding whether *Pullman* abstention is appropriate, this Court is willing to certify to the Nebraska Supreme Court the question of whether a Nebraska city of the first

class, that is not a "home rule" city under the Nebraska Constitution and has not passed a home rule charter, may promulgate an ordinance placing conditions on persons' eligibility to occupy dwellings, landlords' ability to rent dwellings, or business owners' authority to hire and employ workers, consistent with Neb. Rev. Stat. §§ 16-201 to 255.  The phrasing of the question to be certified is important, to ensure that it fairly reflects the essence of the claims presented in the *Keller* Plaintiffs' Seventh Cause of Action (Complaint, Case No. 8:10CV270, Filing No. 1, at 18-19) and the *Martinez* Plaintiffs' Fifth Claim for Relief (Amended Complaint, Case No. 4:10CV 3140, Filing No. 9, at 27-28).  Accordingly, the Court asks counsel for all parties to confer and agree, if possible, on the wording of the question to be certified.  If agreement cannot be reached, counsel may submit separate proposals for this Court's consideration.

If the Nebraska Supreme Court accepts the question and its answer indicates that the Ordinance is valid under state law, this Court will exercise its jurisdiction over the federal questions presented.  If the Nebraska Supreme Court accepts the question and its answer indicates that the Ordinance is invalid under state law, this Court will entertain a motion to dismiss the remaining federal questions as moot.  If the Nebraska Supreme Court declines to accept the question, as it may under Neb. Rev. Stat. § 24-219,[2] this Court will then consider whether *Pullman* abstention is appropriate.

---

[2] "The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or a United States District Court, when requested by the certifying court, if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.  Such request shall not obligate the Supreme Court to accept such request for certification and the Supreme Court may, in its absolute discretion, accept or reject such request for certification as it shall in each case determine."

IT IS THEREFORE ORDERED that:

1. Counsel for the parties will confer to determine whether agreement can be reached among them on the wording of a question to be certified to the Nebraska Supreme Court to determine whether the Ordinance is invalid as a matter of state law; and

2. On or before September 1, 2010, counsel for the parties will submit to the Court their joint, or separate, proposals for the question to be so certified.

DATED this 25th day of August, 2010.

          BY THE COURT:

          s/Laurie Smith Camp
          United States District Judge