IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRED H. KELLER, JR., JUAN ARMENTA, JUAN DOE, JUANA DOE and JUANA DOE #2, | ) ) ) ) | CASE NO. 8:10CV270 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER ON MOTIONS FOR TEMPORARY RESTRAINING ORDER |
| CITY OF FREMONT, | ) ) ) | |
| Defendant. | ) | |
| MARIO MARTINEZ, JR., PAULA MERCADO, JANE DOE, MARIA ROE, STEVEN DAHL, ACLU NEBRASKA FOUNDATION, MARTIN MERCADO, and UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 22, | ) ) ) ) ) ) ) ) | CASE NO. 4:10CV3140 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER ON MOTIONS FOR TEMPORARY RESTRAINING ORDER |
| v. | ) ) | |
| CITY OF FREMONT; DEAN F. SKOKAN, JR., In his Official Capacity as Fremont City Attorney; and TIMOTHY MULLEN, In his Official Capacity as Fremont Chief of Police, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Before the Court are the Plaintiffs' Motions for Temporary Restraining Orders (Filing No. 13 in Case No. 4:10CV3140; Filing No. 13 in Case No. 8:10cv270). The Plaintiffs ask the Court to enjoin the enforcement of Ordinance No. 5165 (the "Ordinance") amending the municipal code of the City of Fremont, Nebraska. For the reasons discussed below, the Motions for Temporary Restraining Orders will be denied, and the Defendants will be given

an opportunity to respond to the Plaintiffs' Briefs and Indexes of Evidence on the pending Motions for Preliminary Injunctions.

## PROCEDURAL HISTORY

The Ordinance was adopted by the voters of the City of Fremont on May 14, 2010, and was scheduled to take effect on July 29, 2010.  On July 21, 2010, the above-captioned cases were filed, promptly followed by the Plaintiffs' Motions for Temporary Restraining Orders and Motions for Preliminary Injunctions, and supporting Briefs and Indexes of Evidence.  On July 27, 2010, the Fremont City Council resolved that the Ordinance would not be enforced until 14 days after the issuance of final decisions in each of the cases.  On July 28, 2010, counsel for the parties appeared before the Court to argue the Plaintiffs' respective Motions for Temporary Restraining Orders, with counsel for Defendants appearing telephonically.  Counsel for the parties agreed that the cases should be consolidated for purposes of the pending motions as well as discovery, and the consolidation has been effected, with Case No. 8:10CV270 as the lead case.

At the hearing on the Motions for Temporary Retraining Orders, the Court questioned whether it should abstain from exercising jurisdiction, because the Plaintiffs in both actions presented a claim that the Ordinance is void as a matter of state law and, if the Plaintiffs were to prevail on that claim, all federal questions would be moot.  The parties briefed the question of jurisdiction, and all parties expressed their desire for this Court to exercise jurisdiction.

On September 9, 2010, after conferring with counsel for the parties regarding the appropriate wording of the question, the Court certified to the Nebraska Supreme Court the following question, accompanied by a copy of the Ordinance:

> May a Nebraska city of the first class, that is not a "home rule" city under Article XI of the Nebraska Constitution and has not passed a home rule charter, promulgate an ordinance placing conditions on persons' eligibility to occupy dwellings, landlords' ability to rent dwellings, or business owners' authority to hire and employ workers, consistent with Chapters 16, 18, and 19 of the Revised Statutes of Nebraska?

On November 5, 2010, the Nebraska Supreme Court declined the question, but explained at some length its reasons for declining, offering guidance that this Court appreciates and finds helpful. The Nebraska Supreme Court said:

> We have stated that " " '[i]n the exercise of police power delegated by the state legislature to a city, the municipal legislature, within constitutional limits, is the sole judge as to what laws should be enacted for the welfare of the people, and as to when and how such police power should be exercised." . . . " ' But because the request does not identify any state constitutional provision implicated by the controversy that is unique to Nebraska, we assume the plaintiffs' state constitutional challenge coincides with federal constitutional provisions.

*Keller v. City of Fremont,* No. S-33-100018, 2010 WL 4365922, at *2 (Neb., Nov. 5, 2010) (quoting *Wolf v. City of Omaha*, 129 N.W.2d 501, 508 (Neb. 1964)).

Because Article XI of the Nebraska Constitution, governing Nebraska municipal corporations, *is* unique to Nebraska, this Court understands the Nebraska Supreme Court's decision to indicate that Article XI is not "implicated" by the provisions of the Ordinance – that is, the absence of a home rule charter does not affect the municipality's exercise of its police powers delegated by Nebraska statute.

This Court now has an obligation to consider whether the principles articulated by the Supreme Court in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), suggest that this Court should abstain from exercising jurisdiction because a state court's construction of an unsettled question of state law could avoid the need for the Court to reach the federal questions presented. "Where resolution of the federal constitutional

question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, [*Pullman*] abstention may be proper." *Beavers v. Arkansas State Bd. of Dental. Examiners*, 151 F.3d 838, 841 (8th Cir. 1998). This Court is required to weigh the following factors:

> (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations.

*Id.*

Weighing these factors, this Court is mindful that the parties have invested time and expense in the pending litigation; that they seek a timely resolution of the issues presented; and that they prefer to have the issues resolved in federal court. Resolution of the state-law question in state court would require the filing of a new action in state district court. The Nebraska Supreme Court's statements suggest that the challenged state law is not unclear; that the law is not fairly susceptible to an interpretation that would avoid any federal constitutional question; and that this Court's exercise of jurisdiction will not pose any interference in state operations. Accordingly, this Court will not abstain from exercising its jurisdiction.

## STANDARD OF REVIEW

The motions heard by the Court on July 28, 2010, were the Plaintiffs' motions seeking temporary restraining orders, and not the motions for preliminary injunctions, although the Court weighs the same factors when considering both types of motions.

A district court should weigh "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. C.L. Sys. Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (*en banc*). A preliminary injunction is considered an extraordinary remedy, and the burden of proving each of the *Dataphase* factors lies with the party seeking the injunction. *Watkins v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). The Court weighs the same factors to determine whether a temporary restraining order should issue. *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994).

## DISCUSSION

Enforcement of the Ordinance has been stayed pending the resolution of these proceedings. Although the parties agree that the stay does not moot the issues before the Court, the Plaintiffs face no irreparable harm if the Motions for Temporary Retraining Orders are denied and the Defendants are given an opportunity to respond to the Plaintiffs' Briefs and Indexes of Evidence on the pending Motions for Preliminary Injunctions.

The "balance of harms" at the stage of the proceedings also weighs against the entry of a temporary restraining order. Court actions that "thwart a state's presumptively reasoned democratic processes" must be "pronounced only after an appropriately deferential analysis," because harm to the democratic process is inferred. *Planned Parenthood of Minnesota, North Dakota, South Dakota v. Rounds*, 530 F.3d 724, 733 (8th Cir. 2008) (*en banc*).

In cases challenging the validity of duly-enacted statutes or ordinances, there must be a threshold determination of the plaintiff's *likelihood* of success on the merits, not merely

5

the plaintiff's *fair chance* of prevailing. *Id.* at 732-33. Here, the Defendants have not yet had an opportunity to respond to the Plaintiffs' Briefs and Indexes of Evidence, and it is premature for the Court to conclude that the Plaintiffs have made the requisite showing of *likelihood* of success on the merits.

Finally, at this juncture, the Court cannot conclude that the public interest weighs in favor of either side.

Weighing all *Dataphase* factors, the Court concludes that no temporary retraining order should issue and the Defendants should have an opportunity to respond to the Plaintiffs' Briefs and Indexes of Evidence on the Motions for Preliminary Injunctions.

Accordingly,

IT IS ORDERED:

1. The Plaintiffs' Motion for Temporary Retraining Order in Case No. 4:10CV3140 (Filing No. 13) is denied, and the Court reserves ruling on the Motion for Preliminary Injunction within the same filing;

2. The Plaintiffs' Motion for Temporary Restraining Order in Case No. 8:10CV270 (Filing No. 13) is denied;

3. The Defendants will respond to the Plaintiffs' Motions for Preliminary Injunctions (Filing No. 13 in Case No. 4:10cv3140, and Filing No. 7 in Case No. 8:10cv270) on or before December 3, 2010; and

4. The Plaintiffs may reply to the Defendants' briefs and evidence on or before December 17, 2010.

DATED this 12th day of November, 2010.

BY THE COURT:
S/Laurie Smith Camp
United States District Judge