## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FRED H. KELLER, JR.,**<br>**JUAN ARMENTA, JUAN DOE,**<br>**JUANA DOE and JUANA DOE #2,**<br><br>　　　　　　**Plaintiffs,**<br><br>　　**v.**<br><br>**CITY OF FREMONT,**<br><br>　　　　　　**Defendant.** | **8:10-cv-0270-LSC-FG3**<br><br>**ORDER** |
| **MARIO MARTINEZ, JR., PAULA**<br>**MERCADO, MARTIN MERCADO, JANE**<br>**DOE, MARIA ROE, STEVEN DAHL,**<br>**ACLU NEBRASKA FOUNDATION, and**<br>**UNITED FOOD AND COMMERCIAL**<br>**WORKERS UNION, LOCAL 22,**<br><br>　　　　　　**Plaintiffs,**<br><br>　　**v.**<br><br>**CITY OF FREMONT; DEAN F. SKOKAN,**<br>**JR., in his official capacity as Fremont City**<br>**Attorney; and TIMOTHY MULLEN, in his**<br>**official capacity as Fremont Chief of Police,**<br><br>　　　　　　**Defendants.** | **4:10-cv-3140-LSC-FG3**<br><br>**ORDER** |

At issue in these consolidated cases is the legality of an ordinance placed on the ballot by initiative[1] and adopted June 21, 2010 by the voters of the City of Fremont.  The city ordinance, No. 5165, makes it unlawful for any person or business entity in Fremont to knowingly or recklessly lease or rent property to an illegal alien unless expressly permitted by federal law; requires tenants and occupants to obtain an occupancy license from the Fremont Police Department prior to

---

[1]*See* Neb. Const. art. III, § 2, and Neb. Rev. Stat. §§ 18-2501 through 18-2538.

occupying any leased or rented dwelling unit; requires the Fremont Police Department to contact the federal government to determine whether each potential occupant is lawfully present in the country; and requires all businesses in Fremont to register with the "E-Verify Program."[2]  On July 27, 2010, the Fremont City Council passed a resolution suspending the implementation and enforcement of Ordinance No. 5165 until 14 days after final decision is entered in these consolidated cases.

Plaintiffs Juan Doe, Juana Doe, Juana Doe #2, Jane Doe and Maria Roe challenge the constitutionality of the Fremont ordinance and seek leave of the court to proceed under pseudonym in these cases.  The evidentiary materials necessary to support the plaintiffs' motions, i.e., the movants' declarations and documents reflecting the language of the ordinance, were filed in conjunction with their motions for a preliminary injunction and temporary restraining order.[3]

In general, the title of a civil complaint "must name all the parties," Fed. R. Civ. P. 10(a), and there is a "strong presumption against allowing parties to use a pseudonym." *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (citations omitted).  This presumption reflects a First Amendment interest in public proceedings, which is furthered by identifying the parties to a lawsuit. *See id*.; *see also Roe v. St. Louis University*, 2009 WL 910738, Case No. 08-1474 (E.D. Mo. Apr. 2, 2009).

In summary, the movants wish to proceed under fictitious names because they or members of their families cannot demonstrate their lawful presence in the United States or are currently in

---

[2]The content of the ordinance was discussed in *City of Fremont v. Kotas*, 279 Neb. 720, 781 N.W.2d 456 (2010) (holding that the city's  substantive constitutional challenges to the initiative were not justiciable before the initiative was approved by the voters).

[3]The court located the declarations of Juan Doe, Juana Doe and Juana Doe #2 attached as Exhibits D, E, and F to the "Plaintiffs' Memorandum of Law in Support of Their Motion for a Preliminary Injunction," Filing #8 in Case No. 8:10-cv-270. The declarations of Jane Doe and Maria Roe were filed as Exhibits 5 and 6 to the plaintiffs' Evidence Index, Filing #15, in Case No. 4:10-cv-3140.  The legislation at issue appears in "Proposed Ordinance No. 5165," which was attached as Exhibit A to the "Plaintiffs' Memorandum of Law in Support of Their Motion for a Preliminary Injunction," Filing #8 in Case No. 8:10-cv-270, and filed as Exhibit A to the "Declaration of Charlotte Silver Authenticating Government Records Regarding Fremont Immigration Ordinance," Filing #15-2 in Case No. 4:10-cv-3140.

immigration proceedings.  The movants state that compliance with the ordinance would cause them to be evicted from their apartments and prevented from obtaining other housing in Fremont, deported from the United States, and subjected to racial slurs, harassment, and hate crimes.

The decision whether to permit a plaintiff to proceed anonymously is within the court's discretion.  *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. at 617; *Heather K. v. City of Mallard*, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995).   Although there is no binding precedent on this issue, other federal courts have identified several relevant factors.   In essence, "the court must ascertain whether the plaintiff, 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'" *Roe v. St. Louis University*, 2009 WL 910738 at *3 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)); *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1047 (N.D. Iowa 1999).

In *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477 (M.D. Pa. 2007), *vacated in part on other grounds*, 620 F.3d 170 (3d Cir. 2010), *petition for cert. filed* Dec. 8, 2010, the district court allowed several plaintiffs to proceed anonymously in a lawsuit challenging the validity of municipal ordinances regulating the rental housing and employment of undocumented aliens.   The anonymous plaintiffs in *Lozano* had "an uncertain immigration status."   *Lozano v. City of Hazleton*, 496 F. Supp. 2d at 505.   In a thorough discussion of the case law, the district court noted that other courts had articulated factors weighing in favor and against the use of pseudonyms, including

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." ... Factors against use of pseudonyms are: "(1) the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3)

whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Lozano v. City of Hazleton*, 496 F. Supp. 2d at 506 (citations omitted).  The court also noted that "federal courts have recognized that inquiries into immigration status can have an *in terrorem*, effect, limiting the willingness of plaintiffs to pursue their rights out of fears of the consequences of an exposure of their position."  *Id.* at 513-14 (citing *Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002); *Zeng Liu v. Donna Karan International, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002)).  The court's determination that the plaintiffs should be permitted to proceed pseudonymously was affirmed by the Third Circuit:

> In deciding whether to permit those Plaintiffs with concerns about the legality of their immigration status to proceed anonymously, the district court ... identified nine separate factors courts have used to decide whether anonymity is appropriate. *See Lozano* [*v. City of Hazleton,* 496 F. Supp. 2d 477, 506 (M.D. Pa. 2007)].  The court then engaged in a thorough analysis of each of these factors, and concluded that the factors favoring anonymity outweighed those favoring disclosure. Specifically, the court found that ethnic tensions had escalated in Hazleton since enactment of the ordinances, and that the named Plaintiffs had been harassed and intimidated for their involvement in this litigation.  *See id*. at 508-10. The court concluded that the Doe Plaintiffs, because of their unlawful status, would face an "exponentially greater" risk of harassment, and even physical danger, if their identities were revealed.  *Id*. at 510. The court also noted that the litigation was in the public interest, and reasoned that the Doe Plaintiffs, as well as prospective litigants lacking lawful status, would be deterred from bringing cases clarifying constitutional rights, if doing so required alerting federal immigration authorities to their presence. *See id.* at 511-12.  Finally, the court explained that because the Doe Plaintiffs' identity information was not central to their claims, restricting Hazleton's access to that information would not be prejudicial.  *See id.* at 513. We agree with each of these conclusions, and think it clear that given the environment in Hazleton following enactment of these ordinances, the court did not abuse its discretion in permitting the Doe Plaintiffs to proceed using pseudonyms.

The very same factors are present in these cases, and no party responded or objected to plaintiffs' motions for permission to proceed pseudonymously.  In the absence of any objection, and considering the factors discussed in *Lozano v. City of Hazleton*, together with the movants' evidentiary submissions, I find that the plaintiffs' motions to proceed pseudonymously should be granted.

**IT IS ORDERED:**

1.    The motion of Juan Doe, Juana Doe and Juana Doe #2 for leave to proceed under fictitious names (Doc. 6 in 8:10-cv-270) is granted, and the movants may proceed under fictitious names or anonymously.

2.    The motion of Jane Doe and Maria Roe for leave to proceed under pseudonym (Doc. 10 in 4:10-cv-3140) is granted, and  the movants may proceed under fictitious names or anonymously.

3.    To the extent that any of the movants request the entry of a protective order governing discovery, the issue must be raised by separate motion.

**DATED January 5, 2011.**

**BY THE COURT:**

**s/ F.A. Gossett, III**
**United States Magistrate Judge**