UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRED H. KELLER, JR., *et al.* | ) | Civil Action No. 8:10-cv-270 |
| | ) | |
| Plaintiffs, | ) | **PROTECTIVE ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF FREMONT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| MARIO MARTINEZ, JR., *et al.* | ) | Civil Action No. 4:10-cv-3140 |
| | ) | |
| Plaintiffs, | ) | **PROTECTIVE ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF FREMONT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

     This matter is before the Court on Keller and Martinez Plaintiffs' Agreed Motion for Joint Protective Order.  (Filing 115, Case No. 4:10CV3140; Filing 110, Case No. 8:10CV270.)  Having considered the matter, the Court finds that the motion should be granted and hereby enters a protective order as follows:

     1.     This Stipulated Protective Order governs the designation and handling of "confidential" documents that are filed with the Court as well as any "confidential" information that is produced in the course of this litigation.

     2.     The protections conferred by this Stipulated Protective Order apply not only to documents filed in court and information revealed through discovery, but also to any information that may be revealed by a party to another party through the course of this litigation and any information copied or extracted therefrom.  This includes copies, excerpts, summaries, compilations, testimony, conversations, or presentations by parties or counsel in court or in other settings that might reveal information protected by this order.

3.  If either the true name of any party who has been granted permission by the Court to proceed under a pseudonym or any information designated by paragraph 6 of this Order as "confidential" is to be filed with the Court or included in any filing with the Court, the filing shall be made under seal in accordance with local rule NECivR 7.5.

4.  The parties shall not seek to use in open court, at any hearing or trial, the true name of any party who has been granted permission by the Court to proceed under a pseudonym, or any information designated by paragraph 6 of this Order as "confidential" unless absolutely necessary.  To the extent that any party in this case plans to use the true name of any party who has been granted permission by the Court to proceed under a pseudonym or any information designated in paragraph 6 as "confidential" in open court, at any hearing or trial, the parties agree that the relevant portion of the proceeding shall be held *in camera*.  The party desiring to use the information shall inform the other parties in advance of the specific information sought to be used and agrees to jointly request by motion that the relevant portion of the proceeding be held *in camera*.

5.  To the extent that any brief, motion, or other pleading in this case refers to a party who has been granted permission by the Court to proceed under pseudonym, such reference shall be made solely by use of the party's pseudonym.  Briefs, motions, or other pleadings shall not refer to any pseudonymous party's true name.

6.  Information that is "confidential" is defined to include: a) any information related to immigration or citizenship status when associated with the true name(s) of a pseudonymous party and/or their family members and/or cohabitants ; b) the true name of any family members and/or cohabitants of the pseudonymous parties; c) any immigration record created or maintained by the Department of Homeland Security or the Department of Justice relating to any individual or individuals participating in any manner in this litigation and/or their family members and/or cohabitants; or d) any information containing a personal

identifier including, but not limited to, an address, specific name of apartment complex, alien registration number ("A-Number"), social security number, or taxpayer identification ("ITIN") number; or (e) any other information that can reasonably be described as being information that could be used, either standing alone or in conjunction with other information, to identify any party in this litigation who has been granted permission by the Court to proceed under a pseudonym.

7. When a party designates information as "confidential," each party agrees that the information obtained may not be used for anything other than for the purpose of litigating *Keller, et al. v. City of Fremont*, Civil Action No. 8:10-cv-00270 or *Martinez, et al. v. City of Fremont,* Civil Action No. 4:10-cv-3140. "Confidential" information may not be used to harass, intimidate, coerce, or cause harm to individuals. "Confidential" information may not be shared with any law enforcement agencies.

8. Any party may designate information "confidential" pursuant to this Stipulated Protective Order prior to filing or producing the information. When a party designates information "confidential," the party is asserting in good faith to all other parties that the information falls within the definition of that term in paragraph 6 and should not be made available to the public or to anyone other than counsel in this litigation, unless otherwise provided below in paragraph 13.

9. Documents or things are designated "confidential" by stamping or marking them "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a size and location which makes the designation readily apparent. A "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation shall be affixed to any documents produced or filed, including portions of briefs, memoranda, or any writings filed with the court which mention, discuss or comment upon any confidential information. Any information or data that is not reduced to

documentary, tangible or physical form, may be designated "confidential" by informing counsel for the parties or the Court that it is "confidential."

10. A party may designate in writing, within ten days after receipt of a hearing or deposition transcript, that specific pages of the transcript be "confidential."

11. An inadvertent failure to designate qualified information or documents as "confidential" does not, standing alone, waive the designating party's right to secure protection under this order.

    a. If any party fails to file protected documents or information under seal, any party may request that the Court place the filing under seal. The request to the Court must clearly identify the document or information that should be deemed "confidential."

    b. If any party fails to designate "confidential" any information that is produced but not filed with the court, that party may designate that information "confidential" and must notify the other parties of the designation in writing. The written notification must clearly identify the document or information that should be deemed "confidential."

12. When any party does not agree that information revealed in this litigation requires the designation or non-designation of "confidential," the parties may seek the following remedies (12a and 12b) to resolve the matter. All parties agree that they will use good faith when seeking the following remedies:

    a. <u>Meet and Confer</u>: a party who elects to challenge the designation or non-designation of confidentiality must do so in live voice to voice communication. In conferring, the challenging party must explain the basis for its belief that the designation is proper or improper and must give the designating party an opportunity to review the designated information, to

reconsider the circumstances, and if no change is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in the meet and confer process.

      b.    <u>Judicial Intervention</u>: A party that elects to press a challenge to a confidentiality designation or non-designation after considering the justification offered by the party may file a motion in this Court for an order requiring the party to designate or not designate, as "confidential," a document or information. The party that asserts confidentiality has the burden to persuade the Court that the document merits the designation. In the event of such motion, the information at issue may be submitted to the Court for *in camera* inspection.

13.    All "confidential" information shall be controlled and maintained in a manner that precludes access by any individual not entitled to access under this Stipulated Protective Order. Individuals who have access to "confidential" information obtained through this litigation must be informed of this protective order. Individuals entitled to access to such "confidential" information are limited to:

      a.    counsel for the parties to this action and counsel's essential employees (but not the parties themselves) only to the extent necessary for the prosecution or defense of this litigation; and

      b.    the Court; court personnel, court reporters, and foreign language interpreters, as necessary for litigation.

14.    "Confidential" information may not be revealed to any person(s) not included in paragraph 13, subsections a and b.

15. Any party may request to disclose "confidential" information or documents to any persons to whom disclosure is otherwise prohibited by submitting a written request to the party who has designated the information "confidential." The party to whom the request is made shall respond within five business days. If the request is not answered within five business days, it constitutes a refusal. Any refusal shall permit the party to move for an order of the Court permitting the disclosure for good cause shown.

16. If a party learns that, by inadvertence or otherwise, it has disclosed "confidential" information to any person or in any circumstance not authorized under this Stipulated Protective Order, the party must immediately notify in writing all parties and must inform the person or persons to whom unauthorized disclosures were made that the information is "confidential" and may not be revealed to any other person. The disclosing party must use its best efforts to retrieve all copies of the disclosed information.

17. At the conclusion of this case and any appeal, all "confidential" information subject to this Stipulated Protective Order shall be destroyed or returned to counsel producing the information. Any information that was obtained in this action shall never be used adversely against an individual that has revealed "confidential" information even after the termination of this action.

18. Nothing in this Stipulated Protective Order abridges the right of any person to seek modification of this order by the Court in the future.

19. By stipulating to the entry of this protective order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

20. This Stipulated Protective Order does not affect the ability of a party or witness to assert his or her rights under the 5th Amendment to the U.S. Constitution.

21. No party waives any right to object on any ground to use in evidence of the information covered by this Stipulated Protective Order.

22. Nothing in this Stipulated Protective Order will preclude the disclosure of discoverable information or otherwise affect the admissibility of evidence during trial. Federal Rule of Civil Procedure 26(b), the Federal Rules of Evidence, and any applicable legal authority will govern the disclosure and admissibility of evidence in this case.

**DATED October 13, 2011.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**