# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRED H. KELLER, JR.; YAMILETH LEIVA; JUAN ARMENTA; JUAN DOE; JUANA DOE; and JUANA DOE #2, | ) ) ) ) ) | CASE NO. 8:10CV270 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| CITY OF FREMONT; DALE SHOTKOWSKI, in his Official Capacity; and TIMOTHY MULLEN, in his Official Capacity, | ) ) ) ) ) ) | |
| Defendants. | ) | |
| MARIO MARTINEZ, JR.; PAULA MERCADO; MARTIN MERCADO; JANE DOE; MARIA ROE; STEVEN DAHL; ACLU NEBRASKA FOUNDATION; UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 22; and BLAKE HARPER, | ) ) ) ) ) ) ) ) | CASE NO. 4:10CV3140 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| CITY OF FREMONT; DALE SHOTKOSKI, in his Official Capacity as Fremont City Attorney; and TIMOTHY MULLEN, in his Official Capacity as Fremont Chief of Police, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion in Limine to Preclude Testimony of Plaintiffs' Expert Witness, Stephen W. Yale-Loehr, Esquire (Filing No. 131).[1]

---

[1] All citations to CM/ECF filings refer to those found in Case No. 4:10cv3140.

The Court has reviewed the parties' briefs (Filing Nos. 132 and 148) and Indexes of Evidence (Filing Nos. 133 and 149) and concludes that the Motion should be granted.

Yale-Loehr's biographical information (Filing No. 149-1, CM/ECF pp. 30-33) demonstrates that he has considerable expertise in the field of immigration law.  His expert report (Filing Nos. 133-1 and 149-1 (hereinafter, the "Yale-Loehr Report")) reveals that he intends to offer his opinions about conflicts between federal immigration law and the Fremont Ordinance at issue in this case.  For example, he states that "it is my opinion as an expert in the area of federal immigration law to a reasonable degree of certainty that Fremont Ordinance 5165 cannot be applied in a manner that is consistent with federal immigration law." (Yale-Loehr Report, at ¶ 7.)  He also concludes that "the Fremont Police Department, and Nebraska state court judges in cases where . . . civil actions are filed under the Ordinance . . . are likely to make mistakes concerning federal immigration law in the process due to that subject's complexity."  (*Id*. at ¶ 19.)  He states that "[i]mmigration law is very complex" and requires a lawyer to "'thread the labyrinth.'" (*Id*. at ¶ 25, *quoting Castro-O'Ryan v. INS*, 847 F.2d 1307, 1312 (9th Cir. 1988).)

Federal Rule of Evidence 702 provides for admission of expert testimony when it will assist the trier of fact in understanding the evidence or determining a disputed issue of fact.  The Defendants correctly note that it is not the province of an expert witness to offer opinions on domestic law, or to proffer legal conclusions.[2]  The Plaintiffs do not

---

[2]  *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("Resolving doubtful questions of law is the distinct and exclusive province of the trial judge.") (*quoting United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (holding that expert testimony explaining the legal effect of an environmental permit was an improper delegation of the district judge's duties); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195 (3d Cir. 2006) (holding that a district court "must ensure that an expert does not testify as to the governing law of the case."); *Peterson v. City of Plymouth,* 60 F.3d 469,

disagree, but argue that Yale-Loehr intends to offer fact testimony about the "the intricacies of the federal immigration system and the facts in the case pertaining to the interaction between Fremont Ordinance 5165 and the federal immigration system." (Plaintiffs' Brief, Filing No. 148, at 2.)

Because this case concerns the legality of the Fremont Ordinance, and because Yale-Loehr's expert report indicates that he intends to offer opinions on domestic law, *i.e.*, federal immigration law and regulations, and conclusions about the legality of the Fremont Ordinance, Defendants' Motion will be granted. Defendants concede that their designated expert, Professor Jan C. Ting, has included in his expert report (Filing No. 133-2) certain legal analysis in response to Yale-Loehr's proffered legal opinions. Defendants offer to withdraw Ting's proposed testimony as reflected in paragraphs 3 and 4 of his report.

---

475 (8th Cir. 1995) (finding that the trial court erred in allowing testimony that police officers' conduct satisfied Fourth Amendment requirements, stating that the "testimony was not a fact-based opinion, but a statement of legal conclusion. The legal conclusions were for the court to make. It was an abuse of discretion to allow the testimony."); *Aguilar v. Int'l Longshoremen's Union Local # 10*, 966 F.2d 443 (9th Cir. 1992) (holding that legal expert testimony about what the law is and how it should be applied must be excluded); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (finding that the court abused its discretion by allowing a witness to testify that the defendant had a duty to hire tax counselors, stating that a witness "may not testify to the legal implications of conduct"); *Specht v. Jensen*, 853 F.2d 805, 807-810 (10th Cir. 1988) (noting that federal courts typically prohibit lawyers and other experts from advising the fact-finder how the law should apply to the facts of a particular case); *United States v. Zipkin,* 729 F.2d 384, 387 (6th Cir. 1984) (reversing trial court's decision to allow a bankruptcy judge to testify regarding his interpretation of the Bankruptcy Act, stating that "[i]t is the function of the trial judge to determine the law of the case"); *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505, 508-11 (2d Cir. 1977) (holding that the trial court erred in permitting a lawyer to offer an opinion concerning securities law and the application of the law to the contract in dispute); 4 JACK B. WEINSTEIN & MARGARET A. BENDER, WEINSTEIN'S FEDERAL EVIDENCE § 702.03[3] (2d ed. 1997) ("Expert testimony is not admissible to inform the finder of fact as to the law that [will be applied] to the facts in deciding the case. . . . Expert witnesses are also prohibited from drawing legal conclusions . . . . This proscription precludes an expert from testifying in the language of statutes, regulations, or other legal standards that are at the heart of the case.").

Accordingly, Ting's proposed expert testimony as reflected in those paragraphs is deemed withdrawn, and Ting will be precluded, in limine, from testifying about immigration law or regulations, or offering any opinion about the legality of the Fremont Ordinance.

Provided that proper foundation is laid, and the testimony is relevant to the issues before the Court, both Yale-Loehr and Ting may testify about custom and practice in the field of federal immigration enforcement. Accordingly,

IT IS ORDERED:

1. Defendants' Motion in Limine to Preclude Testimony of Plaintiffs' Expert Witness, Stephen W. Yale-Loehr, Esquire (Filing No. 131) is granted in part as follows:

   > Yale-Loehr may not testify about immigration law or regulations, or offer any opinion about the legality of the Fremont Ordinance at issue in this case;

2. Defendants' expert witness, Jan C. Ting, is similarly precluded, in limine, from testifying about immigration law or regulations, or offering any opinion about the legality of the Fremont Ordinance at issue in this case.

DATED this 4th day of January, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge